By the Court.—Freedman, J.
Upon the whole case the contract under which'$1,700. remained on deposit as security for the payment of the assessment, subject to which Willett Bronson conveyed the lots to the defendant, must be gathered from four different papers executed by Bronson. . These papers are: (1.) the contract of sale, (2.) The deed to defendant, (3.) The agreement between Bronson and the N. Y. Life Ins. Co. for the deposit as security, and (4.) the agreement between Bronson and the defendant.
They are so intimately connected that they must *480 be construed together in order to ascertain what the real contract was. When thus construed they clearly establish a contract of indemnity, and not a contract for the absolute forfeiture of the whole deposit in excess of what might be necessary to pay the assessment in case Bronson failed to pay, or to procure the vacation of the assessment within one year. A forfeiture is not favored in the law and it is, therefore, a rule in the construction of contracts under which forfeiture is claimed, that, if it can be fairly done, the conclusion shall be avoided that a forfeiture was intended. In the case at bar the conclusion can be readily avoided, for the surrounding circumstances fairly show that all that was intended in fact was ample indemnity.
The plaintiffs, to whom all the right, title and interest of Bronson in and to the moneys so deposited were transferred by several assignments, are therefore in a position to maintain the action for the recovery of the balance remaining unexpended after the payment and extinguishment of the assessment by the defendant, and it was error on the part of the trial judge to direct a verdict for the defendant. The judgment and order should be reversed, and a new trial ordered with costs to abide the event.
Sedgwick, Oh. J., concurred.